IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:11-CR-3101 |
| vs. | |
| JAYMOND H. TAYLOR and JEANNA RENEE SPRINGER, | PRELIMINARY ORDER OF FORFEITURE |
| Defendants. | |

This matter is before the Court upon the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 128). The indictment in this case (filing 20) charged the defendants with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The indictment contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of a 2004 Nissan Titan 4-door pickup truck, Minnesota license plate number NWU157, on the basis that it was used or intended to be used to commit and facilitate commission of the violation alleged in the indictment. (Filing 20).

Each defendant has pled guilty to the crime alleged and admitted the forfeiture allegation. (Filings 81, 89, 116, and 127). By virtue of pleading guilty to the charge and admitting the forfeiture allegation, the defendants have forfeited their interest in the property, and the plaintiff should be entitled to possession of the property pursuant to 21 U.S.C. § 853. Therefore, the plaintiff's motion for preliminary order of forfeiture is granted.

IT IS ORDERED:

1. The plaintiff's Motion for Preliminary Order of Forfeiture (filing 128) is granted.

2. Based upon the defendants' guilty pleas and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the 2004 Nissan Titan 4-door pickup truck, Minnesota license plate number NWU157.

3. The defendants' interest in the vehicle is forfeited to the plaintiff for disposition in accordance with the law, subject to the provisions of [21 U.S.C. § 853(n)(1)](#).

4. The vehicle is to be held by the plaintiff in its secure custody and control.

5. Pursuant to [21 U.S.C. § 853(n)(1)](#), the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site ([www.forfeiture.gov](http://www.forfeiture.gov)) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the vehicle in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the vehicle must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the vehicle, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the vehicle and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the vehicle as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to [21 U.S.C. § 853(n)](#), in which all interests will be addressed.

Dated this 19th day of July, 2012.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge